UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv61140

Jeffrey Steele, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.                                            **COMPLAINT – CLASS ACTION**

Business Revenue Systems, Inc.,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative classes, Plaintiff Jeffrey Steele ("Plaintiff"), seeks redress for the unlawful conduct of Defendant, Business Revenue Systems, Inc. ("Defendant"), *to wit*, violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations § 1692g(a), §1692(e) and §1692(f) of the FDCPA.

**INTRODUCTION**

1. The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to consumers in an attempt to collect a debt, and in each such letter, Defendant has failed to clearly and adequately disclose the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2). Defendant is also liable to Plaintiff and class members for violating several provisions under § 1692e and § 1692f by falsely and deceptively misrepresenting consumers' rights regarding their ability to not be subjected to further debt collection activity. Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

5. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

6. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

7. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

8. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

9. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

10. Defendant is an Indiana corporation, with its principal place of business located in Fort Wayne, Indiana.

11. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

12. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

13. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5).

15. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16. On or about March 28, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17. The Collection Letter was Defendant's first and/or initial communication with Plaintiff in connection with the Consumer Debt.

18. Nowhere in the Collection Letter does it state who the current creditor of the debt is as Defendant is required to clearly and effectively disclose pursuant to 15 U.S.C §1692g(a)(2) of the FDCPA.

19. Furthermore, as will be discussed below, falsely and deceptively misrepresented consumers' rights regarding their ability to not be subjected to further debt collection activity in violation of § 1692e and § 1692f of the FDCPA.

20. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## CLASS ACTION ALLEGATIONS

20. This action is brought on behalf of the following two classes:

The Failure to Name Creditor Class:

> (i) all persons in the State of Florida (ii) who were sent a letter (iii) between May 19, 2017 and May 19, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant failed to properly disclose the name of the creditor to whom the debt is owed pursuant to 15 U.S.C §1692g(a)(2).

and

The False Threat Class:

> (i) all persons in the State of Florida (ii) who were sent a letter (iii) between May 19, 2017 and May 19, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant represented that payment was required to avoid future collection activity.

21. Plaintiff alleges on information and belief that the classes are so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to members of the classes attempting to collect consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

22. Common questions of law and fact exist to the class and predominate over any issues involving only individual class members.

23. With respect to the Failure to Name Creditor Class:

  (a) The *factual issues common* to the class is whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

  (b) The *principal legal issue* of the Class is whether Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to clearly, adequately, and effectively name of the creditor to whom the debt is owed.

24. With respect to the False Threat Class:

  (c) The *factual issues common* to the class is whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

  (d) The *principal legal issue* of the Class is whether Defendant violated 15 U.S.C. § 1692e and/or § 1692f by misleading consumers as to their actual rights and ability to be free of further debt collection activity by Defendant.

24. Excluded from the Classes are Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

25. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

26. Plaintiff is an adequate representative for the Classes.

27. Plaintiff will fairly and adequately protect the interests of the Classes.

28. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them to not vigorously pursue this action.

D. *PREDOMINANCE AND SUPERIORITY*

29. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff requests certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

31. Defendant violated §1692g(a)(2) of the FDCPA by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of name of the creditor to whom the Consumer Debt is owed, in that, the Collection Letter fails to identify any entity as being the "creditor." See Pardo v. Allied Interstate, L.L.C., 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid §1692g(a)(2) claim).

32. Here, in the Collection Letter, Defendant fails to clearly identify any entity as the *creditor* of the debt. Instead, the letter makes reference to Defendant's "Client." No person or entity is identified as the current creditor as §1692g(a)(2) requires debt collectors to disclose.

33. Courts have consistently held that "[m]erely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." McGinty v. Professional Claims Bureau, Inc., Case No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see also*, Suellen v. Mercantile Adjustment Bureau, LLC, Case No. 12–cv–00916 NC, 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012) (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not sufficient for purposes of section 1692g(a)(2)); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor . . . appear[ed] in the subject line of the Collection Letter, but [was] not identified as a creditor"); Dix v. Natl. Credit Sys., Inc., 2:16-CV-3257-HRH, 2017 WL 4865259, at *2 (D. Ariz. Oct. 27, 2017) ("[a]ll defendant did was name the current creditor. Defendant did nothing to identify Metro on 19th as the current creditor. Thus, plaintiff is entitled to summary judgment on his section 1692g(a)(2) claim"); Datiz v. International Recovery Associates, Inc., Case No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016) (because collection letter "did not make it *explicit* that [the hospital] was the current creditor to whom the plaintiff owed a debt" summary judgement was granted in favor of Plaintiff's §1692g(a)(2) claim).

WHEREFORE, Plaintiff, individually and on behalf of the Failure to Name Creditor Class, request that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

### COUNT II.
### **VIOLATION OF 15 U.S.C. § 1692e and § 1692f**

34. Defendant violated several provisions of §1692e of the FDCPA including §1692e(2), (5) and (10) by utilizing false and misleading representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff as well as §1692f by using unfair or unconscionable means to collect or attempt to collect any debt

35. Defendant, by and through the Collection Letter, wrongfully causes the least sophisticated consumer to believe that the only way stop Defendant's collection attempts is to pay the alleged debt. *See* Collection Letter ("You can avoid all further collection activity by remitting payment in full"). This is a false and misleading statement. There are many ways that a consumer can prevent a debt collector such as Defendant from being subjected to "further collection activity" short of paying the alleged debt as Defendant demands. *See* 15 U.S.C. 1692c(c) ("If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…"). Defendant misrepresents the law and effectively threatens consumers with further collection efforts unless payment is tendered and simultaneously represents that payment is the only way to stop such efforts.

WHEREFORE, Plaintiff, individually and on behalf of the False Threat Class, request that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3)     Such other or further relief as the Court deems proper.

DATED: May 19, 2018

Respectfully Submitted,
 /s/ Jibrael S. Hindi                             .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*
